IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE WILL COUNTY LOCAL 174 CARPENTERS PENSION TRUST FUND and WILL COUNTY LOCAL 174 WELFARE FUND, <br><br> Plaintiffs, <br><br> v. <br><br> F. H. ACOUSTICS, INC., an Illinois corporation, <br><br> Defendant. | ) ) ) ) ) No. 18 CV 4763 ) ) Judge ) ) Magistrate Judge ) ) ) ) |

## COMPLAINT

Plaintiffs, TRUSTEES OF THE WILL COUNTY LOCAL 174 CARPENTERS PENSION TRUST FUND and WILL COUNTY LOCAL 174 CARPENTERS WELFARE FUND, by their attorneys, DONALD D. SCHWARTZ, ANDREW S. PIGOTT, PAUL M. EGAN, and ARNOLD AND KADJAN, complain against Defendant, **F. H. ACOUSTICS, INC.**, an Illinois corporation, as follows:

1. (a) Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S.C. Section 185(a) as amended.

(b) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2. Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3. (a) The Plaintiffs in this count are TRUSTEES OF THE WILL COUNTY LOCAL 174 CARPENTERS PENSION TRUST FUND and WILL COUNTY LOCAL 174

CARPENTERS WELFARE FUND ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

    (b)    The Funds have been established pursuant to Collective Bargaining Agreements previously entered into between the Chicago and Northeast Illinois District Council of Carpenters and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

    (c)    The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

4.    (a)    Defendant, **F. H. ACOUSTICS, INC., ("F. H.")** is organized under the laws of Illinois, and has done business within the Northern District of Illinois.

    (b)    **F. H.** is an employer engaged in an industry affecting commerce.

5.    Since January 1, 2015, or before, **F. H.** has entered into successive Collective Bargaining Agreements with the Union pursuant to which it is required to pay specified wages and to make periodic contributions to the Funds on behalf of certain of its employees.

6.    Alternatively, since January 1, 2015, or before, **F. H.** bound itself to successive Collective Bargaining Agreements with the Union by its course of conduct, including by:

    (a)    Withholding Union dues on behalf of its bargaining unit employees;

    (b)    Reporting and paying fringe benefit contributions on behalf of its bargaining unit employees.

7.    By virtue of certain provisions contained in the Collective Bargaining Agreements, **F. H.** is bound by the Trust Agreement establishing the Funds.

8. Under the terms of the Collective Bargaining Agreements and Trust Agreements to which it is bound, **F. H.** is required to make contributions to the Funds on behalf of its employees.

9. Under the terms of the Collective Bargaining Agreements and Trust Agreements to which it is bound, **F. H.**, when given reasonable notice by Plaintiffs or their representatives, is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

10. Plaintiffs' auditor made multiple attempts to contact **F. H.** to schedule a review of its books and records, leaving messages each time.

11. **F. H.** did not respond to Plaintiffs' auditor's messages.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A. Entry of an Order requiring **F. H.** to permit an ERISA fringe benefit contributions audit by Plaintiffs' auditor for the period from January 1, 2015 to the present.

B. A judgment for any amounts determined to be due by Plaintiffs' audit.

C. Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreement and ERISA Section 502(g)(2).

D. This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

|  |  |
|---|---|
| Donald D. Schwartz<br>Paul M. Egan<br>Andrew S. Pigott<br>**ARNOLD & KADJAN, LLP**<br>35 E. Wacker Dr., Ste. 600<br>Chicago, Illinois 60601<br>(312) 236-0415 | Respectfully submitted,<br>**TRUSTEES OF THE WILL COUNTY LOCAL 174 CARPENTERS, et al.**<br><br>By:  s/Andrew S. Pigott<br>        One of their Attorneys |